IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| HEALTH CHOICE GROUP, LLC and JAIME GREEN, on behalf of the UNITED STATES OF AMERICA; STATE OF ARKANSAS; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF FLORIDA; STATE OF GEORGIA; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF INDIANA; STATE OF IOWA; STATE OF LOUISIANA; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF MONTANA; STATE OF NEVADA; STATE OF NEW HAMPSHIRE; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OKLAHOMA; STATE OF RHODE ISLAND; STATE OF TENNESSEE; STATE OF TEXAS; STATE OF VERMONT; COMMONWEALTH OF VIRGINIA; and STATE OF WASHINGTON, <br><br> Plaintiffs/Relators, <br><br> v. <br><br> BAYER CORPORATION; AMGEN INC.; ONYX PHARMACEUTICALS, INC.; AMERISOURCEBERGEN CORPORATION; and LASH GROUP, <br><br> Defendants. | Civil Action No.: 5:17-CV-126-RWS-CMC <br><br> **JURY TRIAL DEMANDED** |

**PLAINTIFFS'/RELATORS' RESPONSE TO
DEFENDANTS' MOTION TO STAY DISCOVERY**

1

Relators Health Choice Group, LLC and Jamie Green, on behalf of the United States of America, State of Arkansas, State of California, State of Colorado, State of Connecticut, State of Delaware, District of Columbia, State of Florida, State of Georgia, State of Hawaii, State of Illinois, State of Indiana, State of Iowa, State of Louisiana, State of Maryland, Commonwealth of Massachusetts, State of Michigan, State of Minnesota, State of Montana, State of Nevada, State of New Hampshire, Sate of New Jersey, State of New Mexico, State of New York, State of North Carolina, State of Oklahoma, State of Rhode Island, State of Tennessee, State of Texas, State of Vermont, Commonwealth of Virginia, and State of Washington (collectively, "Relators") respectfully request the Court deny the Opposed Motion to Stay Discovery (Dkt. 40) ("Motion") filed by Defendants Bayer Corporation ("Bayer"), Amgen, Inc. ("Amgen"), Onyx Pharmaceuticals, Inc. ("Onyx"), AmerisourceBergen Corporation ("AmerisourceBergen"), and Lash Group ("Lash") (collectively, "Defendants").

## Introduction

This action arises from Defendants' unlawful marketing schemes, which are being used to defraud the government. As set forth in detail in Relators' Amended Complaint (Dkt. 32), for years Defendants have engaged in ongoing unlawful schemes to induce Prescribers to prescribe Bayer and Amgen products. Defendants have paid Prescribers through in-kind remuneration and have employed and paid so-called "nurse educators" to act as undercover, "white-coated" sales agents for Bayer and Amgen. The complaint not only alleges historical misconduct, but ongoing misconduct that continues today.

Pointing to their meritless motion to dismiss (Dkt. 38), Defendants have moved to stay discovery, notwithstanding Local Rule CV-26(a), which states that "a party is not excused from responding to discovery because there are pending motions to dismiss," and is explicitly titled

1357082

"No Excuses." Defendants' Motion is just that – an excuse to delay resolution of this case. The relief Defendants seek is contrary to the federal and local rules, and Defendants have shown no special circumstances justifying a departure from this Court's ordinary practice of denying discovery stays. Accordingly, the Court should deny Defendants' Motion.

## **Argument**

Local Rule CV-26(a) directs that a stay of discovery pending a motion to dismiss is generally not appropriate. Indeed, under Local Rule CV-26 and Federal Rule of Civil Procedure 26, the presumption is that discovery shall proceed notwithstanding the filing of a motion to dismiss. Fed. R. Civ. P. 26 (no automatic stay imposed upon filing of motion to dismiss; rather, parties are directed to confer on discovery schedule "as soon as practicable").

In the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule." *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015). This means that a motion to stay discovery is not "automatically granted whenever a motion to dismiss is pending." *Id.* "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss." *Id.* "Had the Federal Rules contemplated a motion to dismiss . . . would stay discovery, the Rules would contain a provision to that effect." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017).

An order staying discovery should only be issued upon a showing of "good cause" by the movant. *Griffin*, 2015 WL 11019132, at *2; Fed. R. Civ. P. 26(c). In evaluating whether movants have met their burden, some courts consider the breadth of discovery sought, the burden of responding to such discovery, and the strength of the dispositive motion filed by the party seeking a stay. *Griffin*, 2015 WL 11019132, at *2 (citing *Von Drake v. Nat'l Broad. Co.*, No.

3:04-cv-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004)). Defendants have failed to set forth any special circumstances, let alone good cause, to justify the delay that they seek.

### A. General Discovery Is Not a "Fishing Expedition"

Defendants focus their Motion primarily on their claims that Relators need to satisfy their Rule 9(b) pleading obligations without discovery, and the possibility that, if their motion to dismiss is successful, the need for discovery would be eliminated. Dkt. 40 at 2-4. "But this is true any time a dispositive motion is filed. Permitting a stay of discovery simply upon the filing of such a motion would allow the exception to swallow the rule." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007). Contrary to Defendants' suggestion, the fact that this is an action brought under the False Claims Act ("FCA") does not alter the general rule. *See, e.g.*, *United States v. Infilaw Corp.*, No. 16-cv-970, 2018 WL 889024, at *4-*5 (M.D. Fla. Feb. 14, 2018) (denying discovery stay pending decision on motion to dismiss in FCA case despite the fact that plaintiff's discovery was "far reaching" because there are discovery "rules to constrain the parties").

Put simply, Rule 9(b) does not entitle Defendants to an automatic stay. Defendants note that the Fifth Circuit has described Rule 9(b) as a "screening function" or a "gatekeeper to discovery." Dkt. 40 at 1-2, 5-6. Defendants thus argue that no discovery should occur in this case until after Relators have affirmatively demonstrated that they have satisfied the requirements of Rule 9(b) by surviving Defendants' motion to dismiss so as to prevent a "fishing expedition." But Defendants read these cases too broadly.

While one purpose of Rule 9(b) is to prevent "fishing expeditions," Defendants' cases cited in support say nothing about the propriety of granting a stay pending a motion to dismiss pursuant to Rule 9(b). Some of Defendants' cited cases do not address discovery stays at all.

1357082

*See U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 183 (5th Cir. 2009); *U.S. ex rel. Foster v. Bristol-Myers Squibb Co.*, 587 F. Supp. 2d 805 (E.D. Tex. 2008).  And in the one case that does, the discovery stay was granted pending ruling on a summary judgment motion *after* the plaintiff had been given an initial opportunity to seek discovery and an additional 6-month extension of time for discovery.  *See Fujita v. United States*, 416 Fed. App'x 400, 402-03 (5th Cir. 2011).  Indeed, the 5th Circuit has concluded that Rule 9(b) "is context specific and flexible and must remain so to achieve the remedial purpose of the False Claims Act." *Grubbs*, 565 F.3d at 190.

Defendants state that "[c]ourts frequently grant discovery stays in FCA cases pending resolution of a motion to dismiss based on a failure to satisfy Rule 9." Dkt. 40 at 5-6.  Yet, Defendants have not cited one case from this district granting such a motion.  And, even the cases relied on by Defendants are inapposite.  *See, e.g.*, *U.S. ex. rel. Fla. Soc'y of Anesthesiologists v. Choudry*, Case No. 8:13-cv-2603-T-27AEP, 2016 WL 7205970, at *1, *3 (M.D. Fla. Oct. 11, 2016) (staying discovery *after* having granted defendants' motion to dismiss); *U.S. ex rel. Day v. UT Medical Group, Inc.*, No. 12-cv-021390JPM-tmp, 2013 WL 12149636, at *1-*2 (W.D. Ten. Aug. 15, 2013) (addressing plaintiff's motion to compel discovery and finding that prior-granted discovery stay precluded motion to compel; no discussion concerning propriety of discovery stay); *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, No. 1:03-CV-0680-SEB/WTL, 2007 WL 4557773, at *5-*7 (S.D. Ind. Dec. 20, 2007) (staying discovery where blatantly deficient allegations and overly broad discovery requests made it clear relator was seeking to uncover bare essentials of FCA claims); *Pennington v. Vail Products, Inc.*, No. Civ. A. 303CV1961D, 2004 WL 302298, at * (N.D. Tex. 2004) (addressing merits of defendant's motion to dismiss in non-FCA case; no discussion of discovery stays).  Here, unlike

4

in the cases cited by Defendants, the motion to dismiss has not been decided, Relators' allegations are not deficient, and Relators have not made overly broad discovery requests.

Defendants' Motion amounts to a request that the Court predetermine that Relators have not met their pleading obligations. *See Cloverleaf Golf Course, Inc. v. FMC Corp.*, No. 11-cv-190-DRH, 2011 WL 2838178, at *4 (S.D. Ill. July 15, 2011) (denying motion to stay because, among other things, "[t]he Court cannot presume that the motion to dismiss will be granted"). Moreover, there is an obvious distinction between allowing a "fishing expedition" and allowing the parties to engage in the usual course of discovery. In contrast to cases where a plaintiff's complaint was glaringly deficient such that the plaintiff was indeed seeking to begin a fishing expedition, here, Relators have set forth an extensive factual background and detailed allegations supported by evidence.

### B.  The Breadth and Burden of Discovery Does Not Justify a Stay

Defendants broadly decry the burden that they expect will be associated with responding to discovery requests, but they offer no estimate regarding how much time or how much money will be expended, and they offer no analysis as to why such amounts would be disproportionate to the extent of the alleged misconduct in this case. Indeed, aside from one sentence where Defendants state that "they will have been put through needless expense" if "the Court eventually dismisses" the case, Defendants say nothing about their own burden, choosing instead to focus on the burden that third-parties might incur. Dkt. 40 at 2, 4, 6-7.

"Parties always are burdened when they engage in litigation, whether the case ultimately is dismissed; summary judgment is granted; the case is settled; or a trial occurs. That is a consequence of our judicial system and the rules of civil procedure." *Standard Bank PLC v. Vero Ins., Ltd.*, No. 08-cv-02127-PAB-BNB, 2009 WL 82494, at *2 (D. Colo. Jan. 13, 2009)

5

(denying discovery stay pending decision on motion to dismiss). *See also Valenzuela*, 2017 WL 2778104, at *2, *6 (N.D. Tex. June 26, 2017) (denying discovery stay even where nine defendants had been served with, among other things, 603 discovery requests and plaintiff had requested depositions of all defendants' corporate representatives on "wide-reaching" topics). "The wheels of justice would surely grind to a halt if discovery were stayed pending dispositive motions and based on such generic allegations of undue burden and expensive [sic]." *Hoxie v. Livingston Cnty.*, No. 09-CV-10725, 2010 WL 822401, at *1 (E.D. Mich. Mar. 4, 2010) (denying discovery stay pending decision on motion to dismiss where Defendants made general allegations that they would have to retrieve voluminous information from multiple counties).

Defendants focus on the nature of Relators' allegations in the Amended Complaint to argue that the scope of these allegations would "necessarily implicate extensive discovery of the Government" and "will require discovery from doctors who prescribed the medicines at issue." Dkt. 40 at 7. However, Defendants' concerns with the potential burden on third-parties do not justify a stay of discovery as to Defendants. *See Takiguchi v. MRI Intern., Inc.*, (D. Nev. July 7, 2014) (noting that discovery stay not violated where party subpoenas third party or propounds discovery on third party). Even if these concerns were sufficient, Defendants' assertions "only detail[ ] the usual inconveniences and costs that are associated with discovery practice," and certainly do not explain how Defendants will suffer "unique hardship if discovery proceeds in this matter." *Ashford Inc. v. Unite Here*, No. 3:15-cv-0262-M, 2015 U.S. Dist. LEXIS 179792, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015) (denying discovery stay pending decision on dispositive motions). These assertions simply do not "suffice to show hardship or inequity" or other good cause that would justify departing from this Court's ordinary practice not to stay discovery. *Id.*

1357082

At this point, any burden on Defendants or third-parties is speculative, particularly given that the parties have not exchanged discovery requests, and any undue burden that does materialize may be avoided through discussion with Relators to narrow or amend Relators' discovery requests. As a last resort, discovery disputes can be raised with the court, but a stay is both premature and a disproportionate remedy where more tailored solutions will address Defendants' concerns when they arise, if ever.

Additionally, Defendants' arguments fail to consider other facets of the court's decision regarding whether to grant a stay, such as the prejudice to the judicial system as a whole. Indeed, "the Court has a general interest in efficiently managing its docket, an interest that is rarely served by staying discover[y] pending the outcome of an arguably meritorious dispositive motion." *Id.* at *2.

Moreover, "[b]efore restricting discovery, the court should . . . [take] into account society's interest in furthering 'the truthseeking function' in the particular case before the court." *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002) (citation omitted). Relators have alleged a persistent and wide-ranging fraud that, if proven, would establish that Defendants (a) have risked the health and safety of patients by tainting Prescriber's medical decisions through kickbacks and (b) have defrauded federal and state taxpayers of hundreds of millions of dollars. The FCA was specifically designed to "bring such information forward" and staying discovery would therefore impede an important public interest. *Hindo v. Univ. of Health Sciences/The Chicago Med. School*, 65 F.3d 608, 612 (7th Cir. 1995). This alone is reason to deny Defendants' Motion.

## C. Strength of the Dispositive Motion

Given the strong presumption that discovery should proceed in accordance with federal and local rules, courts have held that a "stay should be granted only where the motion to dismiss appears, upon preliminary review, to be *clearly meritorious* and truly case dispositive . . . rendering discovery a mere futile exercise." *S. Motors Chevrolet, Inc. v. Gen. Motors, LLC*, No. CV 414-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014) (citing *Alexander v. Allen*, No. 2:13-cv-885-FTM-29CM, 2014 WL 3887476, at *2 (M.D. Fla. Aug. 7, 2014)) (noting that motion to dismiss not so "clearly meritorious" as to warrant stay of discovery). Applying these principles, after a brief analysis of the merits of the pending dismissal motion, the court in *Chevrolet* held that "while not wholly insubstantial," defendant's motion was "no slam-dunk, nor so likely to be granted that it warrants the requested discovery stay . . . ." 2014 WL 5644089, at *2-3. *See also Ashford*, 2015 WL 11121019, at *2 (denying discovery stay and noting that the court was "not initially persuaded that Defendant's Motion to Dismiss is meritorious enough to warrant a stay of discovery").

As in *Chevrolet*, a preliminary review of the merits of Defendants' motion to dismiss in this case reveals that this motion is "no slam-dunk" – indeed, the motion is without merit, as Relators demonstrated in their response – and a stay of discovery is not warranted. Defendants selectively disregard portions of Relators' Amended Complaint because those parts do not fit Defendants' narrative. For example, they ignore the extensive and specific allegations of the Defendants' knowing and intentional scheme, the details regarding the expansive benefits provided to Prescribers as kickbacks, and the targeted and intentional "white-coat" promotion by Defendants' undercover nurses. *Castrillon v. St. Vincent Hosp. & Health Care Ctr., Inc.*, No. 11-cv-0430, 2011 WL 4538089, at *2 (S.D. Ind. Sept. 29, 2011) ("Although this magistrate

judge does not in any manner intend to predict the ruling on [defendant's] motion to dismiss, she does observe that some of [defendant's] arguments appear to rely on a stilted reading of [plaintiff's] complaint and thus may trudge uphill.").

By contrast, a simple review of Relators' Amended Complaint shows that it is not a frivolous complaint filed in order to launch a fishing expedition. Instead, the Amended Complaint alleges detailed factual allegations of multiple fraudulent schemes supported by, among other things, evidence from Defendants' own publications and by statements from Defendants' own employees. Thus, even without expressly predicting the outcome of the motion to dismiss, the allegations in Relators' Amended Complaint plainly direct that justice will more appropriately be served by pressing forward with discovery rather than grinding the proceedings to a halt.

Defendants argue that a stay is appropriate because "serious concerns have been raised in a motion to dismiss." Dkt. 40 at 5. But, this Court has denied motions to stay discovery in circumstances where defendants have made much stronger allegations that their "motion to dismiss will be 'thoroughly dispositive.'" *Retractable Techs., Inc. v. Becton Dickinson & Co.*, Civil Action No. 2:08-CV-16, 2011 WL 13134434, at *2 (E.D. Tex. Mar. 15, 2011) (denying discovery stay).

The prospect of Defendants' motion to dismiss resolving this case in its entirety is wishful thinking, and simply not high enough to justify granting a stay. *See e.g.*, *Ray v. Spirit Airlines, Inc.*, No. 12-61528-civ, 2012 WL 5471793, at *2 (S.D. Fla. Nov. 9, 2012) (denying defendant's motion to stay where "the Court cannot say that this case is surely destined for dismissal"); *Syngenta*, 2007 WL 3256848, at *2 ("[I]f the court dismisses the petition for any of the three reasons cited, the need for discovery would be eliminated. But this is true any time a

9

dispositive motion is filed. Permitting a stay of discovery simply upon the filing of such a motion would allow the exception to swallow the rule."); *Builders Ass'n of Greater Chicago v. City of Chicago*, 170 F.R.D. 435, 437 (N.D. Ill.1996) ("[A] motion to stay discovery will not be granted every time a potentially dispositive issue is placed before the court.").

"The fact that a non-frivolous motion is pending is simply not enough to warrant a blanket stay of all discovery." *See also U.S. ex rel. Jacobs v. CDS, P.A.*, No. 4:14-cv-00301, 2015 WL 5257132, at *1 (D. Idaho Sept. 3, 2015). "In fact, such a notion is directly at odds with the need for expeditious resolution of litigation." *Id.* Defendants' conjectures are wholly speculative and do not satisfy the high standard Defendants must meet to justify the unique relief they seek.

## Conclusion

For the reasons set forth above, Relators respectfully request that this Court deny Defendants' motion to stay discovery (Dkt. 40).

Dated: March 26, 2018                    Respectfully submitted,

*/s/ Sam Baxter*
Samuel F. Baxter (co-lead counsel)
sbaxter@mckoolsmith.com
Jennifer L. Truelove
jtruelove@mckoolsmith.com
MCKOOL SMITH P.C.
104 East Houston, Suite 300
Marshall, Texas 75670
(903) 923-9000
Fax: (903) 923-9099

Eric B. Halper
ehalper@mckoolsmith.com
Radu A. Lelutiu
rlelutiu@mckoolsmith.com
Dana E. Vallera
dvallera@mckoolsmith.com
Karla Y. Valenzuela
kvalenzuela@mckoolsmith.com
MCKOOL SMITH P.C.
One Bryant Park, 47th Floor
New York, New York 10036
(212) 402-9400
Fax: (212) 402-9444

*/s/ W. Mark Lanier*
Mark Lanier (co-lead counsel)
WML@LanierLawFirm.com
Christopher L. Gadoury
Chris.Gadoury@LanierLawFirm.com
Ryan Ellis
Ryan.Ellis@LanierLawFirm.com
THE LANIER FIRM
6810 FM 1960 West
Houston, Texas 77069
(800) 723-3216
Fax: (713) 659-2204

***ATTORNEYS FOR RELATOR***

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on March 26, 2018 to counsel of record who are deemed to have consented to electronic services via the Court's CM/ECF system.  Any other counsel of record will be served by electronic mail, facsimile, U.S. Mail and/or overnight delivery.

*s/ Radu A. Lelutiu*
Radu Lelutiu

1357082