# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | |
|---|---|
| HEALTH CHOICE ADVOCATES, LLC and JAIME GREEN, on behalf of the UNITED STATES OF AMERICA; STATE OF ARKANSAS; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF CONNECTICUT; STATE OF DELAWARE; DISTRICT OF COLUMBIA; STATE OF FLORIDA; STATE OF GEORGIA; STATE OF HAWAII; STATE OF ILLINOIS; STATE OF INDIANA; STATE OF IOWA; STATE OF LOUISIANA; STATE OF MARYLAND; COMMONWEALTH OF MASSACHUSETTS; STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF MONTANA; STATE OF NEVADA; STATE OF NEW HAMPSHIRE; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OKLAHOMA; STATE OF RHODE ISLAND; STATE OF TENNESSEE; STATE OF TEXAS; STATE OF VERMONT; COMMONWEALTH OF VIRGINIA; and STATE OF WASHINGTON, <br><br>    Plaintiffs/Relators; <br><br>v. <br><br>BAYER CORPORATION; AMGEN INC.; ONYX PHARMACEUTICALS, INC.; AMERISOURCEBERGEN CORPORATION; and LASH GROUP, <br><br>    Defendants. | Civil Action No.: 5:17-CV-126-RWS-CMC <br><br>**JURY TRIAL DEMANDED** |

## DISCOVERY ORDER

After a review of the pleaded claims and defenses in this action, in furtherance of the management of the court's docket under Fed. R. Civ. P. 16, and after receiving the input of the parties to this action, it is ORDERED AS FOLLOWS:

1. **Disclosures.** Except as provided by paragraph 1(j), within thirty (30) days after the Scheduling Conference, each party shall disclose to every other party the following information:

    (a) the correct names of the parties to the lawsuit;

    (b) the name, address, and telephone number of any potential parties;

    (c) the legal theories and, in general, the factual bases of the disclosing party's claims or defenses (the disclosing party need not marshal all evidence that may be offered at trial);

    (d) the name, address, and telephone number of persons having knowledge of relevant facts, a brief statement of each identified person's connection with the case, and a brief, fair summary of the substance of the information known by any such person;

    (e) any indemnity and insuring agreements under which any person or entity carrying on an insurance business may be liable to satisfy part or all of a judgment entered in this action or to indemnify or reimburse for payments made to satisfy the judgment;

    (f) any settlement agreements relevant to the subject matter of this action;

    (g) any witness statements described in TEX. R. CIV. P. 192.3(h);

    (h) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills;

    (i) in a suit alleging physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills obtained by the disclosing party by virtue of an authorization furnished by the requesting party; and

    (j) for any testifying expert, by the date set by the court in the Docket Control Order,

each party shall disclose to the other party or parties:

    i.    the expert's name, address, and telephone number;

    ii.    the subject matter on which the expert will testify;

    iii.    if the witness is retained or specially employed to provide expert testimony in the case or whose duties as an employee of the disclosing party regularly involve giving expert testimony:

        1.    all documents, tangible things, reports, models, or data compilations that have been provided to, reviewed by, or prepared by or for the expert in anticipation of the expert's testimony, except to the extent protected by Fed. R. Civ. P. 26(b)(4); and

        2.    the disclosures required by Fed. R. Civ. P. 26(a)(2)(B) and Local Rule CV-26.

    iv.    for all other experts, the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them or documents reflecting such information; and

    v.    Any party shall be excused from furnishing an expert report of treating physicians unless the treating physician will offer expert testimony beyond the specific treatment provided to a specific patient.

2. **Protective Orders.** The parties agree a Protective Order is required for this case. The parties will submit said order to the Court for approval, including any disputes about the terms of the Protective Order that cannot otherwise be resolved.

3. **Additional Disclosures.** Each party, within forty-five (45) days after the Scheduling Conference, shall provide to every other party the following:

    (a)    a copy of all documents, data compilations, and tangible things in the possession,

custody, or control of the party that are relevant to the pleaded claims or defenses involved in this action. The parties agree to produce documents electronically by either serving documents via electronic transfer service or through a mailed USB-compatible hard drive; and

(b) a complete computation of any category of damages claimed by any party to the action, making available for inspection and copying as under Rule 34, the documents or other evidentiary material on which such computation is based, including materials bearing on the nature and extent of injuries suffered; and

(c) those documents and authorizations described in Local Rule CV-34;

4. **Discovery Limitations**. Discovery is limited to the disclosures described in Paragraphs 1 and 3 together with:

(a) **Interrogatories.** Relators together may serve up to 75 interrogatories to Defendants, with no more than 30 served to any one Defendant Party.[1] Defendants together may serve up to 50 interrogatories to Relators.

(b) **Requests for Admission.** Relators together may serve up to 75 requests for admission to Defendants, with no more than 30 served to any one Defendant Party. Defendants together may serve up to 50 requests for admission to Relators.

(c) **Party Depositions.** The limits in this paragraph for Defendant and Relator Party Depositions shall apply to depositions on written questions,[2] 30(b)(6) depositions of the parties (including Relator affiliate National Healthcare Analysis Group identified in the Parties section of the Complaint), as well as individual

---

[1] There are three Defendant Parties: (1) Bayer Corporation, (2) Amgen Inc. and Onyx Pharmaceuticals, Inc., and (3) AmerisourceBergen Corporation and Lash Group.

[2] Depositions by written questions directed solely to the authentication of documents do not count towards the limitations described in paragraphs 4(c)-(e).

depositions of any persons employed by or formerly employed by any party, except the Confidential Interviewees identified in the Complaint, who will be treated as nonparties subject to the limits set forth in paragraph 4(d) below.[3]

i. Exclusive of 30(b)(6) depositions, the Relators may take up to 40 depositions of Defendants, but no more than 15 depositions of any Defendant Party. Exclusive of 30(b)(6) depositions, Defendants may take up to 40 depositions of Relators.

ii. In addition, Relators may take up to 21 hours of 30(b)(6) testimony of each Defendant Party, and Defendants may take up to 21 hours of 30(b)(6) testimony of Relators.

iii. No witness shall be deposed more than 7 hours unless otherwise agreed by the parties before the commencement of the deposition or ordered by the Court. For witnesses currently affiliated with a party, the Side of the party producing the witness may take up to 1 hour of the 7-hour limit to conduct direct examination. If the Side of the producing party does not use its allotted time, any remaining time may be taken by the noticing party. For former employees and/or witnesses who are not under the control of any party, the Side of the party most closely affiliated with the witness, such as the former employer, may take up to 2 hours of the 7-hour limit to conduct direct examination. The Side[4] noticing the deposition may take any of the

---

[3] Though the limits set forth in this paragraph for Party Depositions apply, nothing in this paragraph shall obligate a party to produce for deposition a former employee or person formerly affiliated with a party or party affiliate. The parties agree to make reasonable efforts to facilitate the depositions of former employees or persons formerly affiliated with a party or party affiliate, but should the witness refuse, the requesting party is not relieved of its obligation to follow the applicable procedure in the Federal Rules to obtain the deposition.

[4] For purposes of all subsections of this paragraph 4, "Side" shall refer to Relators, collectively, on the one hand, and

        7-hour limit that remains.

(d)   **Nonparty Discovery.**  The parties may issue document subpoenas to third parties and take depositions on written questions of custodians of business records for third parties. Additionally, each Side may take up to 150 hours of nonparty depositions. The parties recognize the Federal Rules of Civil Procedure limit a deposition to 7 hours (*see* Fed. R. Civ. P. 30(d)(1)). Accordingly, the parties shall split the 7-hour limit equally on each Side, i.e., Relators shall share up to 3.5 hours of questioning and Defendants shall share up to 3.5 hours of questioning. To the extent one Side does not use their allotted time, the other Side may use any of the 7-hour limit that remains, i.e., should Defendants question a witness for 1 hour, Relators shall have the remaining 6 hours to question the witness. To the extent the witness is agreeable to sit for more than 7 hours, the same concept shall apply, i.e., each Side will split the additional time, and to the extent a Side does not use its time, the other Side may use it. The limits set forth in this paragraph shall be exclusive of discovery of government entities, which shall be governed separately by the following paragraph.

(e)   **Government Discovery.**  The limits in this paragraph apply to nonintervened government entities identified as Plaintiffs and their government agencies, such as the Center for Medicare and Medicaid Services, TRICARE, the Department of Veteran Affairs, or the respective Medicaid agency for each state ("Government Parties"). The parties may issue document requests or subpoenas to Government Parties and take depositions on written questions of custodians of business

---

the Defendants, collectively, on the other hand.

records for Government Parties. Additionally, each side may take up to 175 hours of depositions of Government Parties. The parties recognize the Federal Rules of Civil Procedure limit a deposition to 7 hours (*see* Fed. R. Civ. P. 30(d)(1)). Accordingly, the parties shall split the 7-hour limit equally on each Side, i.e., Relators shall share up to 3.5 hours of questioning and Defendants shall share up to 3.5 hours of questioning. To the extent one Side does not use their allotted time, the other Side may use any of the 7-hour limit that remains, i.e., should Defendants question a witness for 1 hour, Relators shall have the remaining 6 hours to question the witness. To the extent the witness is agreeable to sit for more than 7 hours, the same concept shall apply, i.e., each Side will split the additional time, and to the extent a Side does not use its time, the other Side may use it.

(f)     **Experts.** Each Side may have up to 10 experts.

Any party may move to modify these limitations for good cause.

5.     **Privileged Information**. There is no duty to disclose privileged documents or information. However, the parties are directed to meet and confer concerning privileged documents or information after the Scheduling Conference. By the date set by the court in the Docket Control Order, the parties shall exchange privilege logs identifying the documents or information and the basis for any disputed claim of privilege in a manner that, without revealing information itself privileged or protected, will enable the other parties to assess the applicability of the privilege or protection. Any party may move the court for an order compelling the production of any documents or information identified on any other party's privilege log. If such a motion is made, the party asserting privilege shall respond to the motion within the time period provided by Local Rule CV-7. The party asserting privilege

shall then file with the Court within thirty (30) days of the filing of the motion to compel any proof in the form of declarations or affidavits to support their assertions of privilege, along with the documents over which privilege is asserted for *in camera* inspection. If the parties have no disputes concerning privileged documents or information, then the parties shall inform the court of that fact within sixty (60) days after the date set by the court in the Docket Control Order to exchange privilege logs.

6. **Pre-trial disclosures**. Each party shall provide to every other party regarding the evidence that the disclosing party may present at trial as follows:

    (a) The name and, if not previously provided, the address and telephone number, of each witness, separately identifying those whom the party expects to present at trial and those whom the party may call if the need arises.

    (b) The designation of those witnesses whose testimony is expected to be presented by means of a deposition and, if not taken stenographically, a transcript of the pertinent portions of the deposition testimony.

    (c) An appropriate identification of each document or other exhibit, including summaries of other evidence, separately identifying those which the party expects to offer and those which the party may offer if the need arises.

    These disclosures shall be made at least 30 days before trial. Within 14 days thereafter, unless a different time is specified by the court, a party may serve and file a list disclosing (1) any objections to the use under Rule 32(a) of a deposition designated by another party under subparagraph (B) and (2) any objections, together with the grounds therefor, that may be made to the admissibility of materials identified under subparagraph (C). Objections not so disclosed, other than objections under Rules 402 and 403 of the Federal Rules of

       Evidence, shall be deemed waived unless excused by the court for good cause shown.

7. **Signature.** The disclosures required by this order shall be made in writing and signed by the party or counsel and shall constitute a certification that, to the best of the signer's knowledge, information and belief, such disclosure is complete and correct as of the time it is made. If feasible, counsel shall meet to exchange disclosures required by this order; otherwise, such disclosures shall be served as provided by Fed. R. Civ. P. 5. The parties shall promptly file a notice with the court that the disclosures required under this order have taken place.

8. **Duty to Supplement**.  After disclosure is made pursuant to this order, each party is under a duty to supplement or correct its disclosures immediately if the party obtains information on the basis of which it knows that the information disclosed was either incomplete or incorrect when made, or is no longer complete or true.

9. **Disputes.**

    (a) Except in cases involving claims of privilege, any party entitled to receive disclosures may, after the deadline for making disclosures, serve upon a party required to make disclosures a written statement, in letter form or otherwise, of any reason why the party entitled to receive disclosures believes that the disclosures are insufficient. The written statement shall list, by category, the items the party entitled to receive disclosures contends should be produced. The parties shall promptly meet and confer. If the parties are unable to resolve their dispute, then the party required to make disclosures shall, within fourteen (14) days after service of the written statement upon it, serve upon the party entitled to receive disclosures a written statement, in letter form or otherwise, which identifies (1) the requested items that will be disclosed, if any, and (2) the reasons why any requested items will not be

        disclosed. The party entitled to receive disclosures may thereafter file a motion to compel.

    (b)    In addition to the requirements of Local Rule CV-7(h) and (i), within 72 hours of the Court setting any discovery motion for a hearing, each party's lead attorney (*see* Local Rule CV-11(a)) and local counsel shall meet and confer in person or by telephone, without the involvement or participation of other attorneys, in an effort to resolve the dispute without Court intervention.  Counsel shall promptly notify the Court of the results of that meeting by filing a joint report of no more than 2 pages.  Unless excused by the Court, each party's lead attorney shall attend any discovery motion hearing set by the Court (though the lead attorney is not required to argue the motion).

    (c)    Counsel are directed to contact the Discovery Hotline provided by Local Rule CV-26(e) for any "hot-line" related disputes.

10. **No Excuses.**  A party is not excused from the requirements of this Discovery Order because it has not fully completed its investigation of the case, or because it challenges the sufficiency of another party's disclosures, or because another party has not made its disclosures. Absent court order to the contrary, a party is not excused from disclosure because there are pending motions to dismiss, to remand or to change venue.

11. **Filings.** Only upon request from chambers shall counsel submit to the court courtesy copies of any filings.

**SIGNED this 4th day of April, 2018.**

*Caroline M. Craven*
CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE