## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## TEXARKANA DIVISION

HEALTH CHOICE ADVOCATES, LLC and
JAIME GREEN, on behalf of the UNITED
STATES OF AMERICA; STATE OF
ARKANSAS; STATE OF CALIFORNIA;
STATE OF COLORADO;
STATE OF CONNECTICUT; STATE OF
DELAWARE; DISTRICT OF COLUMBIA;
STATE OF FLORIDA; STATE OF GEORGIA;
STATE OF HAWAII; STATE OF ILLINOIS;
STATE OF INDIANA; STATE OF IOWA;
STATE OF LOUISIANA; STATE OF
MARYLAND; COMMONWEALTH OF
MASSACHUSETTS; STATE OF MICHIGAN;
STATE OF MINNESOTA; STATE OF
MONTANA; STATE OF NEVADA; STATE OF
NEW HAMPSHIRE; STATE OF NEW JERSEY;
STATE OF NEW MEXICO; STATE OF NEW
YORK; STATE OF NORTH CAROLINA;
STATE OF OKLAHOMA; STATE OF RHODE
ISLAND; STATE OF TENNESSEE;
STATE OF TEXAS; STATE OF VERMONT;
COMMONWEALTH OF VIRGINIA; and
STATE OF WASHINGTON,

     Plaintiffs/Relators;

v.

BAYER CORPORATION; AMGEN INC.;
ONYX PHARMACEUTICALS, INC.;
AMERISOURCEBERGEN CORPORATION;
and LASH GROUP,

     Defendants.

Civil Action No.: 5:17-CV-126-RWS-CMC

**JURY TRIAL DEMANDED**

## E-DISCOVERY ORDER

The Court ORDERS as follows:

1.      This order supplements all other discovery rules and orders. It streamlines Electronically Stored Information ("ESI") production to promote a "just, speedy, and inexpensive determination" of this action, as required by Federal Rule of Civil Procedure 1.

2.      This order may be modified in the court's discretion or by agreement of the parties. The parties shall jointly submit any proposed modifications within 30 days after the Federal Rule of Civil Procedure 16 conference. If the parties cannot resolve their disagreements regarding these modifications, the parties shall submit their competing proposals and a summary of their dispute.

3.      A party's meaningful compliance with this Order and efforts to promote efficiency and reduce costs will be considered in cost-shifting determinations.

4.      Absent a showing of good cause, general ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure requirement of this Court, shall not include metadata. However, fields showing the date and time that the document was created and last modified, as well as the file name and file extension, shall generally be included in the production if such fields exist.   .Any metadata should be produced with a Concordance DAT load file.

5.      Absent agreement of the parties or further order of this court, the following parameters shall apply to ESI production:

     A.      **General Document Image Format**. Each electronic document shall be produced in single-page Group IV Tagged Image File Format ("TIFF") format with image resolution of at least 300 DPI, and in black and white unless color is necessary to understand the meaning.  TIFF files shall be single page and shall be named with a unique production number followed by the appropriate file extension. Load files

shall be provided to indicate the location and unitization of the TIFF files. If a document is more than one page, the unitization of the document and any attachments and/or affixed notes shall be maintained as they existed in the original document.  If an electronic document cannot be produced accurately in the TIFF image format (e.g. excel, audio, movie, or binary files), a TIFF slip sheet will be produced for each document, which includes a notation of the respective native document storage location, file name, date last modified, and file size.

B.      **Text-Searchable Documents**. No party has an obligation to make its production text-searchable; however, if a party's documents already exist in text-searchable format independent of this litigation, or are converted to text-searchable format for use in this litigation, including for use by the producing party's counsel, then such documents shall be produced in the same text-searchable format at no cost to the receiving party.

C.      **Footer**. Each document image shall contain a footer with a sequentially ascending production number.

D.      **Native Files**. A party that receives a document produced in a format specified above may make a reasonable request to receive the document in its native format, and upon receipt of such a request, the producing party shall produce the document in its native format.

E.      **No Backup Restoration Required.** Absent a showing of good cause, no party need restore any form of media upon which backup data is maintained in a party's normal or allowed processes, including but not limited to backup tapes, disks,

SAN, and other forms of media, to comply with its discovery obligations in the present case.

F.  **Voicemail and Mobile Devices.** Absent a showing of good cause, voice-mails, PDAs and mobile phones are deemed not reasonably accessible and need not be collected and preserved.

6.  General ESI production requests under Federal Rules of Civil Procedure 34 and 45, or compliance with a mandatory disclosure order of this court, shall not include e-mail or other forms of electronic correspondence (collectively "e-mail"). To obtain e-mail parties must propound specific e-mail production requests.

7.  E-mail production requests shall be phased to occur timely after the parties have exchanged initial disclosures, a specific identification[1] of the thirty[2] most significant listed e-mail custodians in view of the pleaded claims and defenses, and preliminary information relevant to damages. The exchange of this information shall occur at the time required under the Federal Rules of Civil Procedure, Local Rules, or by order of the court. Each requesting party may also propound up to five written discovery requests and take one deposition per producing party to identify the proper custodians, proper search terms, and proper time frame for e-mail production requests. The court may allow additional discovery upon a showing of good cause.

8.  E-mail production requests shall identify the custodian, search terms, and time frame. The parties shall cooperate to identify the proper custodians, proper search terms, and proper time frame. Relators may serve e-mail production requests for up to fifty

---

[1] A "specific identification" requires a short description of why the custodian is believed to be significant.

[2] In the event a party in good faith determines it has fewer than 30 email custodians relevant to this action, that party shall list all relevant email custodians it can identify.

custodians of Defendants, with no more than 20 custodians from any Defendant Party.[3] Defendants may serve e-mail production requests for up to fifty custodians of Relators. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer custodians per producing party, upon showing a distinct need based on the size, complexity, and issues of this specific case.

9.   Each requesting party shall limit its e-mail production requests to a total of twenty search terms per custodian per party. The parties may jointly agree to modify this limit without the court's leave. The court shall consider contested requests for additional or fewer search terms per custodian, upon showing a distinct need based on the size, complexity, and issues of this specific case. The search terms shall be narrowly tailored to particular issues. Indiscriminate terms, such as the producing company's name or its product name, are inappropriate unless combined with narrowing search criteria that sufficiently reduce the risk of overproduction. A conjunctive combination of multiple words or phrases (e.g., "computer" and "system") narrows the search and shall count as a single search term. A disjunctive combination of multiple words or phrases (e.g., "computer" or "system") broadens the search, and thus each word or phrase shall count as a separate search term unless they are variants of the same word. Use of narrowing search criteria (e.g., "and," "but not," "w/x") is encouraged to limit the production and shall be considered when determining whether to shift costs for disproportionate discovery.

---

[3] For purposes of this order, Amgen Inc. and Onyx Pharmaceuticals, Inc. shall be considered one party, and AmerisourceBergen Corporation and Lash Group shall be considered one party.

10.    E-mail produced pursuant to paragraphs 7-9 of this Order should include the metadata fields showing the sender, the date and time that the e-mail was sent and received, as well as the complete distribution list, if such metadata exists.

11.    Pursuant to Federal Rule of Evidence 502(d), the inadvertent production of a privileged or work product protected ESI is not a waiver in the pending case or in any other federal or state proceeding.   Within 3 business days of receiving written notice of any such inadvertent production, the receiving party shall confirm to the producing party that all copies of the produced documents have been returned or destroyed.

12.    The mere production of ESI in a litigation as part of a mass production shall not itself constitute a waiver for any purpose.

13.    Except as expressly stated, nothing in this order affects the parties' discovery obligations under the Federal or Local Rules.

**SIGNED this 4th day of April, 2018.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE