IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| Health Choice Group, LLC and Jaime Green, on behalf of the United States of America, et al.,<br><br>　　　　Plaintiffs/Relators,<br><br>v.<br><br>Bayer Corporation; Amgen Inc.; Onyx Pharmaceuticals, Inc.; AmerisourceBergen Corporation; and Lash Group,<br><br>　　　　Defendants. | Civil Action No. 5:17-cv-126-RWS-CMC |

**DEFENDANTS' REPLY BRIEF IN SUPPORT OF MOTION TO STAY DISCOVERY**

## I.     INTRODUCTION

Discovery should be stayed in this case pending resolution of Defendants' motion to dismiss, which will dispose of—or at the very least, significantly narrow—Relators' claims. Good cause exists for a stay, as it will prevent needless expenses and will make discovery more efficient, should it be needed. Relators present no substantive reasons why a temporary stay will prejudice them or delay resolution of this case. To the contrary, a stay will conserve all parties' resources, avert early discovery disputes, and promote the speedy resolution of this matter.

## II.     ARGUMENT

Relators do not dispute that the Court has "broad discretion and inherent power to stay discovery until preliminary questions that may dispose of the case are determined." *Fujita v. United States*, 416 F. App'x 400, 402 (5th Cir. 2011) (quoting *Petrus v. Bowen*, 833 F.2d 581, 583 (5th Cir. 1987)); *see also Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 270 (5th Cir. 2006) ("District courts have broad discretion in all discovery matters.") (quotations and citation

1

omitted). Nor do they dispute that Local Rule CV-26 explicitly envisions that parties may seek an order staying discovery pending a ruling on a motion to dismiss. E.D. Tex. Local Rule CV-26(a). "Notably, discovery may be limited when disposition of a motion *might* preclude the need for discovery thus saving time and expense." *Tostado v. Citibank (S. Dakota), N.A.*, No. CIV.A. SA-09-CV-549-XR, 2009 WL 4774771, at \*1 (W.D. Tex. Dec. 11, 2009) (citing *Landry v. Air Line Pilots Ass'n Int'l AFL–CIO*, 901 F.2d 404, 436 (5th Cir. 1990)) (emphasis added). In *Tostada*, the Court granted a stay of discovery pending a ruling on a motion to dismiss after defendant explained that "a stay of discovery will save the parties and the Court the unnecessary cost and inconvenience associated with discovery on claims ultimately dismissed." *Id*. (internal quotations omitted).

Here, good cause exists because a stay will prevent the waste of the parties' and the Court's resources and will cause no prejudice. As Defendants have shown, Relators' First Amended Complaint ("FAC") is exceedingly vague and broad in the activities, geographical locations, and timeframe it implicates, especially in light of the rigorous Rule 9(b) standard that it must meet. Importantly, the claims also point to conduct outside the limitations period, calling into question what actions are actually relevant to this litigation. In essence, the FAC does not sufficiently inform Defendants of the particular conduct at issue and thus does not allow them to adequately prepare for responding to discovery. The practical aspects of securing discovery from the five corporate defendants as to fraud claims require specific allegations—allegations that are absent from Relators' amorphous claim that "[s]ince at least 2006," "Defendants employed . . . three schemes across the nation." Doc. 32, FAC ¶¶ 188, 190. As a matter of principle, discovery based on deficient and ambiguous claims cannot be tailored and reasonable.

Allowing such discovery to proceed prior to a ruling on the motion to dismiss will be costly, inefficient, and unwieldy for all parties involved.

Relators illustrate this point by arguing that "any undue burden that does materialize may be avoided through discussions with Relators to narrow or amend Relators' discovery requests." *See* Doc. 53, Opp. to Mot. to Stay ("Opp.") at 7. But a ruling adverse to Relators on any portion of the motion to dismiss will necessarily require them to re-tailor their requests. Burdening Defendants with discovery on topics that may be rendered irrelevant is not an efficient use of time and resources. Relators' proposal will force Defendants to expend unnecessary resources to respond to the revised requests (in addition to the resources expended in conferring with Relators "to narrow or amend" their requests). *Id*. Relators fail to appreciate the burden at stake and the actual inquiry here, as illustrated by their argument (based on an inapposite case from outside this Circuit) that "[p]arties are always burdened when they engage in litigation." *Id*. at 5.

In addition, Relators go as far as to argue that the "discovery disputes" that the discovery requests may cause "can be raised with the court." *Id*. at 7. Relators thus tacitly concede that early discovery during the pendency of the motion to dismiss will be fraught with disagreement as the parties attempt to clarify what is relevant in this lawsuit. Moreover, burdening the Court with discovery disputes is not an efficient use of judicial resources and will in no way promote the speedy resolution of this matter. It is also contrary to the emphasis the Local Rules place on parties' "obligation to secure information without court intervention." Local Rule CV-7(h).

Unable to present substantive and relevant arguments on the "good cause" inquiry before the Court, Relators instead attempt to buttress their own claims, questioning the strength of the motion to dismiss and its ability to dispose of the entire matter. *See* Opp. at 8-9. But certainty as to the disposition of the entire case is not necessary to warrant a stay; instead, courts focus on

whether good cause exists and whether "disposition of a motion *might* preclude the need for discovery thus saving time and expense." *Tostado*, 2009 WL 4774771, at *1 (emphasis added) (citing *Landry*, 901 F.2d at 436). Courts routinely enter such stays based on the burden to the parties, without delving into whether the pending motion will dispose of the entire case. *See, e.g., Guajardo v. Martinez*, No. 2:14-CV-450, 2015 WL 12831683, at *2 (S.D. Tex. Dec. 22, 2015) (staying discovery pending ruling on motion to dismiss and noting that "[b]ecause Plaintiffs allege complex claims under civil RICO, Defendants' concerns about the cost and inconvenience of discovery are reasonable"); *Lowe v. Wellcare Health Plans, Inc.*, No. 3:11-CV-0009-L, 2011 WL 5869757, at *1 (N.D. Tex. Nov. 21, 2011) (concluding that defendant's "motion to stay discovery pending resolution of its motion to dismiss and [plaintiff's] motion to strike should be granted"); *Tostado*, 2009 WL 4774771, at *1.

Finally, and unsurprisingly, Relators do not dispute that neither they nor the Government will be prejudiced by a stay. As in *Tostado*, Relators "will not suffer any prejudice from the temporary stay since the pending motion can be decided on the available information and . . . the motion is ripe for decision; thereby, preventing any delay in the litigation." 2009 WL 4774771, at *1. Moreover, if the Court finds that Relators' claims must be entirely dismissed or narrowed in some way, Relators will have ample time to propound well-tailored discovery requests and will be spared the needless expense of reworking their demands. And even if the Court were to deny the motion to dismiss, the delay associated with the start of discovery will be minimal, will still afford Relators sufficient time to obtain needed discovery, and will not delay the trial date.

### III. CONCLUSION

For the foregoing reasons, Defendants respectfully request that discovery be temporarily stayed pending resolution of Defendants' motion to dismiss.

Dated: April 9, 2018

Respectfully submitted,

*/s/ Matthew J. O'Connor by permission Andrea Fair*
Matthew J. O'Connor (*pro hac vice*)
Joshua N. DeBold (*pro hac vice*)
Covington & Burling LLP - Washington
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
Telephone: (202) 662-5469
Facsimile: (202) 662-6291
Email: moconnor@cov.com
Email: jdebold@cov.com

T. John Ward, Jr.
State Bar No. 00794818
Claire Henry
State Bar No. 24053063
Andrea L. Fair
Texas Bar No. 24078488
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com
Email: andrea@wsfirm.com

**ATTORNEYS FOR DEFENDANT BAYER CORPORATION**

*/s/ John P. McDonald*
John P. McDonald
State Bar No. 13549090
jpmcdonald@lockelord.com
C. Scott Jones
Texas Bar No. 24012922
sjones@lockelord.com
W. Scott Hastings
Texas Bar No. 24002241

5

shastings@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

W. David Carter, TSB No. 03932780
MERCY ✶ CARTER, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503
(903) 794-9419 - Telephone
(903) 794-1268 - Facsimile
wdcarter@texarkanalawyers.com

**ATTORNEYS FOR AMERISOURCEBERGEN CORPORATION AND LASH GROUP**

*/s/ C. Michael Moore*
C. Michael Moore
State Bar No. 14323600
Matthew T. Nickel
Texas Bar No. 24056042
Adam H. Pierson
Texas Bar No. 24074897
DLA Piper US LLP
1717 Main Street, Suite 4600
Dallas, Texas 75201
Phone: (214) 743-4500
Fax:    (214) 743-4545
c.michael.moore@dlapiper.com
matt.nickel@dlapiper.com
adam.pierson@dlapiper.com

Lance Lee
wlancelee@gmail.com
5511 Plaza Drive
Texarkana, Texas 75503
Telephone: (903) 223-0276
Facsimile: (903) 223-0210

**ATTORNEYS FOR DEFENDANTS AMGEN INC. AND ONYX PHARMACEUTICALS, INC.**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service.  Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(d) and (e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by email on this the 9th day of April, 2018.

*/s/ Andrea Fair*