IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | | |
|---|---|---|
| HEALTH CHOICE GROUP, LLC AND JAIME GREEN, ON BEHALF OF THE UNITED STATES OF AMERICA, ET AL. | §<br>§<br>§<br>§<br>§ | |
| v. | §<br>§ | No. 5:17cv126-RWS-CMC |
| BAYER CORPORATION, ET AL. | §<br>§ | |

## ORDER

The above-referenced cause of action was referred to the undersigned United States Magistrate Judge for pre-trial purposes in accordance with 28 U.S.C. § 636.  The following motion is before the Court:

**Defendants' Opposed Motion to Stay Discovery (Docket Entry #40).**

The Court, having reviewed the relevant briefing, is of the opinion Defendants' motion should be **DENIED**.

## BACKGROUND

This is a False Claims Act ("FCA") *qui tam* action brought against Bayer Corporation ("Bayer), Amgen, Inc. ("Amgen"), Onyx Pharmaceuticals, Inc. ("Onyx"), AmerisourceBergen Corporation ("AmerisourceBergen"), and Lash Group ("Lash") (collectively "Defendants") by Health Care Group, LLC, and Jamie Green ("Relators"). The federal and state governments declined to intervene.  Relators' First Amended Complaint ("FAC") filed on January 12, 2018, alleges that, with substantial assistance from Amerisource and Lash, Bayer and Amgen pursued three marketing schemes that violate the Anti-Kickback Statute. ("AKS").  Relators claim Defendants: (i) knowingly

presented or caused to be presented to the United States false or fraudulent claims for payment; (ii) knowingly made, used, and caused to be made and used false records and statements to get false or fraudulent claims paid or approved by the United States; and (iii) knowingly conspired to violate 31 U.S.C. §§ 3729(a)(1)(A) and (B) and to defraud the United States by causing the Medicare and Medicaid Programs to pay for false claims.

Relators' remaining claims for relief rely upon the state False Claims Act statutes in Arkansas, California, Colorado, Connecticut, Delaware, the District of Columbia, Florida, Georgia, Hawaii, Illinois, Indiana, Iowa, Louisiana, Maryland, Massachusetts, Michigan, Minnesota, Montana, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, Oklahoma, Rhode Island, Tennessee, Texas, Vermont, Virginia, and Washington. These state law claims are based on the same conduct as the federal FCA claims.

## **MOTION TO STAY DISCOVERY**

In their current motion, Defendants move the Court for a stay of discovery pending resolution of Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint (Docket Entry # 38). In their motion to dismiss, Defendants argue Relators fail to plead their claims of fraud with particularity as required by FED. R. CIV. P. 9(b).[1] Relying on arguments further described in their motion to dismiss, Defendants argue Rule 9 has an important role in restricting access to discovery for plaintiffs who, as Relators here, plead problematic, generalized allegations of fraud. According to Defendants, allowing discovery to proceed while the motion to dismiss is pending would thwart Rule 9(b)'s critical gatekeeper function.

---

[1] Additionally, Defendants assert the FAC does not describe any conduct that would render a claim "false." They argue Relators cannot satisfy the other basic elements of a False Claims Act violation—causation, materiality, and scienter. Defendants further contend the FAC asserts claims beyond the statute of limitations period and improperly attempts to add a new plaintiff relator (Jaime Green) in violation of the FCA's first-to-file rule.

Defendants further assert a "temporary stay while the Court considers the motion to dismiss is warranted in this case for the simple reasons of fairness and efficiency." Docket Entry # 40 at pg. 2. Defendants contend, given the nature and breadth of Relators' allegations, "extensive discovery of the parties, the Government, and third-party doctors will likely be required." *Id.* According to Defendants, if third parties and Defendants are required immediately to engage in discovery in a case which the Court eventually dismisses, "they will have been put through needless expense in a case that lacks merit." *Id*.

## **APPLICABLE LAW**

Under Local Rule CV-26 and Federal Rule of Civil Procedure 26, the presumption is that discovery shall proceed notwithstanding the filing of a motion to dismiss. Local Rule CV-26(a), titled "No excuses," provides "a party is not excused from responding to discovery because there are pending motions to dismiss . . . ." In the Fifth Circuit, staying discovery while a motion to dismiss is pending "is the exception rather than the rule." *Griffin v. Am. Zurich Ins. Co.*, No. 3:14-cv-2470-P, 2015 WL 11019132, at *2 (N.D. Tex. Mar. 18, 2015). A motion to stay discovery is not "automatically granted whenever a motion to dismiss is pending." *Id.* "Nor is a stay of discovery permitted merely because defendant believes it will prevail on its motion to dismiss." *Id.* "[H]ad the Federal Rules contemplated that a motion to dismiss under Fed. R. Civ. P. 12(b)(6) would stay discovery, the Rules would contain a provision to that effect." *Valenzuela v. Crest-Mex Corp.*, No. 3:16-cv-1129-D, 2017 WL 2778104, at *5 (N.D. Tex. June 26, 2017).

An order staying discovery should only be issued upon a showing of "good cause" by the movant. *Griffin*, 2015 WL 11019132, at *2; *see* FED. R. CIV. P. 26(c).

## **DISCUSSION**

The focus of Defendants' motion to stay is their claim that Relators fail to satisfy Rule 9(b)'s pleading obligations. In their reply, Defendants state Relators' FAC "is exceedingly vague and broad in the activities, geographical locations, and timeframe it implicates, especially in light of the rigorous Rule 9(b) standard that it must meet." Docket Entry # 67 at pg. 2. According to Defendants, if their motion to dismiss is successful, the need for discovery would be eliminated. "But this is true any time a dispositive motion is filed. Permitting a stay of discovery simply upon the filing of such a motion would allow the exception to swallow the rule." *Syngenta Seeds, Inc. v. BTA Branded, Inc.*, No. 05 C 6673, 2007 WL 3256848, at *2 (N.D. Ill. Nov. 1, 2007).

In their response, Relators assert the fact this is an action brought under the FCA does not alter the general rule. Docket Entry # 53 at pg. 3 (citing *United States v. Infilaw Corp.*, No. 16-cv-970, 2018 WL 889024, at *4-*5 (M.D. Fla. Feb. 14, 2018) (Even though the plaintiff's discovery was "far reaching," the court denied a motion to stay discovery pending a decision on a motion to dismiss in FCA case, noting there are discovery "rules to constrain the parties" and a stay can be "problematic because it may needlessly lengthen the litigation.")). Relators further assert the cases cited by Defendants in support of their motion to stay "say nothing about the propriety of granting a stay pending a motion to dismiss pursuant to Rule 9(b)," and some of the "cases do not address discovery stays at all." Docket Entry # 53 at pg. 3.

According to Relators, "in the one case that does, the discovery stay was granted pending ruling on a summary judgment motion *after* the plaintiff had been given an initial opportunity to seek discovery and an additional 6-month extension of time for discovery." *Id*. at pg. 4 (emphasis in original) (citing *Fujita v. United States*, 416 Fed. App'x 400, 402-03 (5th Cir. 2011)); *see also U.S.*

*ex. rel. Fla. Soc'y of Anesthesiologists v. Choudry*, Case No. 8:13-cv-2603-T-27AEP, 2016 WL 7205970, at *1, *3 (M.D. Fla. Oct. 11, 2016) (staying discovery *after* having granted the defendants' motion to dismiss and allowing leave to amend to comply with Rule 9); *U.S. ex rel. Day v. UT Medical Group, Inc.*, No. 12-cv-021390JPM-tmp, 2013 WL 12149636, at *1-*2 (W.D. Ten. Aug. 15, 2013) (addressing the plaintiff's motion to compel discovery and finding that prior-granted discovery stay precluded motion to compel; no discussion concerning propriety of discovery stay); *U.S. ex rel. Lusby v. Rolls-Royce Corp.*, No. 1:03-CV-0680-SEB/WTL, 2007 WL 4557773, at *8 (S.D. Ind. Dec. 20, 2007) (staying discovery where there was an absence of reliable allegations indicating that particulars of fraudulent claims existed); *Pennington v. Vail Products, Inc.*, No. Civ. A. 303CV1961D, 2004 WL 302298, at *3 (N.D. Tex. 2004) (addressing the merits of the defendant's motion to dismiss in non-FCA case with no discussion of discovery stays and further noting that if the plaintiffs later obtained through discovery or other means the factual grounds that would permit them to allege fraud, they may move for leave to amend).

Relators assert their allegations are not glaringly deficient nor have they made overly broad discovery requests. Relators argue there is an obvious distinction between allowing a "fishing expedition" and allowing the parties to engage in the usual course of discovery.

The Court is well aware of the heightened pleading standard of Rule 9(b).[2]  The Court is not

---

[2] A claim filed under the FCA must satisfy the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil Procedure. *U.S. ex rel. Nunnally v. West Calcasieu Cameron Hosp.*, 519 Fed.Appx. 890, 892 (5th Cir. 2013) (footnote and citations omitted). "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). A court must implement Rule 9(b) as a screening mechanism to prevent meritless fraud claims "with 'bite' and 'without apology.'" *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185-86 (5th Cir. 2009) (quoting *Williams v. WMX Techs.*, 112 F.3d 175, 177 (5th Cir. 1997)). The court, however, cannot use Rule 9(b) to require fact pleading; instead, the court must ensure "Rule 9(b) supplements but does not supplant Rule 8(a)'s notice pleading." *Grubbs*, 565 F.3d at 186. Rule 9(b) "requires only simple, concise, and direct allegations of the circumstances constituting fraud, which

convinced the motion to dismiss, upon preliminary review, is so clearly meritorious and truly case dispositive as to warrant a stay of discovery. *Southern Motors Chevrolet, Inc. v. Gen. Motors, LLC*, No. CV 414-152, 2014 WL 5644089, at *1 (S.D. Ga. Nov. 4, 2014) (citing *Alexander v. Allen*, No. 2:13-cv-885-FTM-29CM, 2014 WL 3887476, at *2 (M.D. Fla. Aug. 7, 2014)) (noting that motion to dismiss not so "clearly meritorious" as to warrant stay of discovery). According to the court in *Chevrolet*, "while not wholly insubstantial," defendant's motion was "no slam-dunk, nor so likely to be granted that it warrants the requested discovery stay . . . ." 2014 WL 5644089, at *2-*3.

Defendants' concerns with the potential burden on third-parties do not justify a stay of discovery. Even if these concerns were sufficient, Defendants' assertions "only detail[] the usual inconveniences and costs that are associated with discovery practice," and do not explain how Defendants will suffer "unique hardship if discovery proceeds in this matter." *Ashford Inc. v. Unite Here*, No. 3:15-cv-0262-M, 2015 WL 11121019, at *2 (N.D. Tex. May 12, 2015). At this point, any burden on Defendants or third-parties is speculative, especially considering the parties have not exchanged discovery requests.[3] These assertions do not warrant departing from this Court's ordinary practice not to stay discovery.

In sum, Defendants have failed to show good cause for a stay of discovery in this instance. Therefore, Defendants' motion to stay is denied. The Court advises it will issue a Report and

---

after *Twombly* must make relief plausible, not merely conceivable, when taken as true." *Id*. In the context of the FCA, "Rule 9(b)'s ultimate meaning is context-specific" and depends on the elements of the claim. *Nunnally*, 519 Fed.Appx. at 891-92 (quoting *Grubbs*, 565 F.3d at 189-90).

[3] According to Relators, "any undue burden that does materialize may be avoided through discussion with Relators to narrow or amend Relators' discovery requests. As a last resort, discovery disputes can be raised with the court, but a stay is both premature and a disproportionate remedy where more tailored solutions will address Defendants' concerns when they arise, if ever." Docket Entry # 53 at pg. 7.

Recommendation on the motion to dismiss as soon as practicable. Accordingly, it is

ORDERED that Defendants' Opposed Motion to Stay Discovery (Docket Entry #40) is

hereby **DENIED**.

**SIGNED this 25th day of April, 2018.**

CAROLINE M. CRAVEN
UNITED STATES MAGISTRATE JUDGE