IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TEXARKANA DIVISION

| | |
|---|---|
| Health Choice Group, LLC, on behalf of The United States of America, et al.,<br><br>*Plaintiffs*,<br><br>v.<br><br>Bayer Corporation, et al.,<br><br>*Defendants*. | Civil Action No. 5:17-cv-126-RWS-CMC |

**DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY
AND ADJOURN THE CASE SCHEDULE AND FOR EXPEDITED BRIEFING**

Defendants Bayer Corporation ("Bayer"), AmerisourceBergen Corporation ("AmerisourceBergen"), and Lash Group ("Lash") (collectively "Defendants") respectfully move to adjourn the discovery proceedings and the rest of the case schedule pending a ruling on the Department of Justice's recently filed Motion to Dismiss Relator's FCA claims. *See* Dkt. 116, The United States' Motion To Dismiss Relator's Second Amended Complaint (hereinafter, "DOJ Motion to Dismiss"). Additionally, Defendants respectfully move for expedited briefing on the motion to stay discovery pending a decision on the United States' Motion to Dismiss. Counsel for Bayer has consulted with the counsel for the United States, and the United States concurs with the requested relief.

The DOJ Motion to Dismiss fundamentally changed the posture of this case. The Government, which is the real party in interest on whose behalf Relator purports to bring this lawsuit, has exercised its authority to move to dismiss this case, as well as the other copycat cases the Relator has brought in different jurisdictions under different names throughout the United States. As demonstrated by the DOJ Motion to Dismiss, it is a near certainty that the Court will

grant the Government's motion, and this case will be dismissed with prejudice as to the Relator. Courts in this circuit have indicated such government motions to dismiss FCA cases should be afforded absolute deference. *See Riley v. St. Luke's Episcopal Hosp.*, 252 F.3d 749, 753 n.11 (5th Cir. 2001) ("[T]he government retains the unilateral power to dismiss an action notwithstanding the objections of the [relator].") (citations and internal quotation marks omitted); *United States ex rel. May v. City of Dallas*, No. 3:13-cv-4194, 2014 WL 5454819, at *3 (N.D. Tex. Oct. 27, 2014) ("The *Swift* court makes a compelling case that the United States should not be compelled to permit a relator to sue on its behalf and that the statutory language does not require—or even permit— judicial review of this discretionary decision."). It would be an extraordinary waste of resources, for both the parties and the Government, for discovery to continue under the current schedule while the Government's motion is pending. Fact discovery closes on March 15, 2019 under the current schedule, Dkt. No. 64, but the briefing on the Government's Motion to Dismiss is not set to be completed until February 25, 2019, Dkt. No. 119. Accordingly, without a stay, the parties are set to expend an enormous amount of resources completing fact discovery over the next two months while the Motion to Stay is being briefed and decided by the Court.

The United States concurs with Defendants' proposed stay of the proceedings and proposed expedited briefing schedule. Remarkably, Relator opposes this simple and common sense proposal. Indeed, Relator's position here is completely inconsistent with its motion to stay the litigation proceedings in another one of its related cases. In that case, Relator's counsel stated:

> The United States' Motion to Dismiss – one of several the United States filed simultaneously in similar cases in several different Districts – presents grounds for dismissal that it alone has authority to raise. If the Court were to grant the United States' Motion to Dismiss, the Complaint would be dismissed with prejudice as to the Relators. As such, there would be no need for any Defendant to file an Answer or a Motion to Dismiss, thus conserving judicial and party resources. Therefore, Relators and Defendants jointly respectfully request that the Court enter the

> attached Order staying the time for Defendants to file an Answer or a Motion to Dismiss the above captioned case until further notice from the Court.

*See* Ex. A, Joint Motion to Stay the Time for Defendants to Respond to the Second Amended Complaint, *United States ex rel. SMSPF, LLC*, Civil Action No. 2:16-cv-05594 (EDPA), (Dkt. 42, Jan. 7, 2019).

Relator's refusal to agree to a stay in this case is irreconcilable with its statements to the court in the Eastern District of Pennsylvania case. Furthermore, given the amount of discovery left to be completed in the next few months under the existing schedule, the concerns about conserving judicial and party resources—not to mention the burdens on the Government, the "confidential interviewees" who had no idea they were being roped into a lawsuit, and other third parties such as doctors and nurses—are far greater here. In light of this, the Court should expedite briefing on Defendants' motion to stay and adjourn the discovery proceedings and other case deadlines while the Government's motion is pending.

## ARGUMENT

**I.     The Real Party In Interest—The Government—Has Moved To Dismiss This Action.**

After an extensive investigation, the Government has concluded that Relator's "allegations [] lack sufficient merit to justify the cost of investigation and prosecution and [are] otherwise [] contrary to the public interest." DOJ Motion to Dismiss at 1–2. In a rebuke to both the substance of the allegations and Relator's conduct in bringing suit, the Government also states that Relator's allegations "conflict with important policy and enforcement prerogatives of the federal government's healthcare programs" and that Relator "should not be permitted to indiscriminately advance claims on behalf of the government against an entire industry that would undermine common industry practices, [which] the federal government has determined are, in this particular case, appropriate and beneficial to federal healthcare programs and their beneficiaries." *Id.* at 16.

Moreover, the Government determined that Relator used a "fictitious 'research study'" and "false pretenses . . . to obtain information from witnesses," which Relator then used to develop "cloned complaints" around the country. *Id*. at 6.

The December 17, 2018 filing inexorably shifts the landscape of this case. The Government—the real party in interest in this litigation—has determined that Relator's allegations lack merit and that discovery would pose a burden and expense on the Government and taxpayers that cannot be justified. *See id.* at 1, 15. The Government's conclusions are informed by its extensive investigation of eleven nearly identical National Health Care Analysis Group FCA cases. *Id.* at 2. The investigation, which included, among other things, the collection and review of tens of thousands of documents from the defendants and third parties and interviews of numerous witnesses, including prescribing physicians, ultimately found Relator's "allegations to lack sufficient merit to justify the cost of investigation and prosecution and otherwise be contrary to the public interest." *Id.* at 1–2.

## II.     The Court Should Adjourn The Discovery Proceedings And The Rest Of The Case Schedule While The Government's Motion To Dismiss Is Pending.

The Court should stay discovery while the Government's motion to dismiss is pending. Staying discovery would alleviate the undue burden and expense on Defendants, the Government, and third parties of continued discovery production in a case that the Government argues lacks merit. Additionally, a stay of discovery would reduce the very burden and expense the Government's motion seeks to avoid.

The Court may stay discovery for "good cause." Fed. R. Civ. P. 26(c). Good cause exists when the party receiving the discovery request would suffer "annoyance, embarrassment, oppression or undue burden or expense" absent a stay. *Bickford v. Boerne Indep. Sch. Dist.*, No. 5:15-CV-1146-DAE, 2016 WL 1430063, at *1 (W.D. Tex. Apr. 8, 2016). It also exists "where

the disposition of a motion to dismiss 'might preclude the need for the discovery altogether, thus saving time and expense.'" *Von Drake v. Nat'l Broadcasting Co., Inc.*, Case No. 3-04-CV-0652R, 2004 WL 1144142, at *1 (N.D. Tex. May 20, 2004) (quoting *Landry v. Air Line Pilots Ass'n Intern. AFL-CIO*, 901 F.2d 404, 436 (5th Cir. 1990)).  Moreover, "[d]iscovery is not justified when cost and inconvenience will be its sole result." *Landry*, 901 F.2d at 436.

Good cause plainly exists here because, under *any* standard the Court might apply, the DOJ's Motion to Dismiss is extraordinarily likely to be granted.  *See* DOJ Motion to Dismiss at 9 ("In *Swift v. United States*, 318 F.3d 250, 252 (D.C. Cir. 2003), the Court of Appeals for the District of Columbia interpreted the FCA to grant the Government "an unfettered right to dismiss" a *qui tam* action. The Ninth Circuit has applied a "rational relationship test" for dismissal but has also recognized that the United States has broad prosecutorial discretion to dismiss even meritorious *qui tam* cases where the reasons for dismissal are rationally related to a legitimate Government interest." (citing *United States ex rel. Sequoia Orange Co. v. Baird-Neece Packing Corp.,* 151 F.3d 1139 (9th Cir. 1998)).  The Fifth Circuit has stated that "the government retains the unilateral power to dismiss an action notwithstanding the objections of the [relator]." *See St. Luke's Hosp.*, 252 F.3d at 753 n.11.  And courts in the Fifth Circuit have dismissed FCA cases upon the Government's motion under the *Swift* standard.  *See, e.g.*, *United States ex rel. Gal-Or v. Northrup Gruman*, No. 4:17-cv-00139-O (N.D. Tex. Oct. 26, 2017) (following *Swift* and explaining that "[n]othing in the language of 3730(c)(2)(A) suggests anything less than affording the Executive the historical prerogative to decide which cases are prosecuted in the name of the United States."); *United States ex rel. May*, 2014 WL 5454819, at *3 ("The *Swift* court makes a compelling case that the United States should not be compelled to permit a relator to sue on its behalf and that the statutory language does not require—or even permit—judicial review of this discretionary

decision."). Given that dismissal is a near certainty, this is the quintessential case in which discovery should be stayed because "cost and inconvenience will be [the] sole result." *Landry*, 901 F.2d at 436.

Good cause also exists because discovery would cause "oppression or undue burden or expense." *Bickford*, WL 1430063, at *1. Discovery has already been, and will continue to be, burdensome on the Defendants. It has involved the production of years of records from multiple defendants, across four different drugs and three different programs. Each of these nine specific drug-program combinations has its own set of contracts, training records, emails, and witnesses, among other things. Defendants have already devoted considerable resources and incurred hundreds of thousands of dollars in costs to fulfill their discovery obligations to Relator over the eight months. Continuing to collect, review, and produce documents will add to the already significant expense the Defendants have incurred defending this case and participating in discovery. Moreover, with fact discovery scheduled to close on March 15, the burden on Defendants will increase substantially over the next two months, as deposition discovery has not yet begun. Moreover, briefing on the Governments' Motion to Dismiss will not conclude until February 25, 2019—less than three weeks before the close of fact discovery—making it impractical, if not impossible, to delay the remaining discovery until after a ruling on the Government's motion without a stay.

The case also requires extensive discovery from the Government, which the Government has concluded is not justified. DOJ Motion to Dismiss at 15. In its motion to dismiss, the Government noted that during the alleged time period, "there were nearly 500,000 prescriptions for the Bayer drugs at issue, written by more than 10,000 physicians treating tens of thousands of Medicare beneficiaries." *Id.* The Government acknowledges that if discovery proceeds it will

have to bear the expense and burden of "collecting, reviewing, processing, and producing" these documents, which come from multiple federal healthcare programs. *Id.* Additionally, the Government will have to produce "voluminous prescription drug event data and patient health information for potentially thousands of beneficiaries, which, due to its sensitive nature, may require additional (and costly) screening and redaction." *Id.* A motion to stay discovery while the DOJ Motion to Dismiss is pending would protect the Government's interest by sparing it the burden and expense of extensive discovery production in a case it argues lacks merit and is "unlikely to yield any recovery sufficient to justify" the significant costs and burdens" it stands to bear. *Id.* at 16.

Moreover, to establish "falsity," Relator must provide evidence that the kinds of services at issue in the FAC are kickbacks under the AKS. *See U.S. ex rel King v. Solvay Pharm., Inc.*, 871 F.3d 318, 332 (5th Cir. 2017). Doing so will require discovery of the Government agencies charged with enforcing the AKS. Similarly, because Relator must show that the alleged support services were "material" to the federal and state governments' payment decisions, discovery will be required from various government officials to determine what they knew about the Defendants' alleged programs. *See U.S. ex rel. Harman v. Trinity Indus., Inc.*, 872 F.3d 645 (5th Cir. 2017) (overturning jury verdict for relators in FCA case because the defendant's conduct was not material to the Government's decision to pay the claims at issue).[1]

---

[1] Defendants have shared with the Government draft requests for documents from CMS, the Department of Defense Health Agency, Health and Human Services Office of the Inspector General, and DOJ. Defendants also intend to notice depositions from relevant agency employees. Defendants hope to spare the Government the burden of having to respond to these requests given that the Government has already determined the case should be dismissed. However, Defendants intend to serve the requests pursuant to the Federal Rules of Civil Procedure and the Government's *Touhy* regulations if the motion to stay is denied.

Equally burdensome discovery will be required from third parties. These include the so-called "confidential interviewees" who were not informed during the fictitious "market research" that the Relator actually intended to involve them in a lawsuit, *see* DOJ Motion to Dismiss at 6, and the doctors who prescribed the four drugs identified in the SAC. *See U.S. ex rel. Bennett v. Medtronic, Inc.*, 747 F. Supp. 2d 745, 768 (S.D. Tex. 2010) (observing that "certain information" relevant to an FCA action including "billing and reimbursement information" is in the possession of "doctors, hospitals, and government agencies."). For example, the Court noted that Relator failed to meet 9(b)'s pleading standard, because it failed to "identify a single doctor who eliminated staff positions (or who such staff are) or otherwise actually received 'substantial value' as a result of the free nurse or reimbursement support services provided for the three medicines at issue." Dkt. 91 at 82. To prove its case, Relator will require extensive discovery against doctors, their staff, and their medical facilities.

By contrast, a stay while the Court considers the Government's motion to dismiss will not prejudice anyone. The Government, in whose shoes Relator purports to stand, seeks dismissal and to avoid discovery. Consequently, a stay cannot possibly prejudice the real party in interest—the Government.

### III. Expedited Consideration of Defendants' Motion to Stay Discovery Will Preserve Considerable Resources.

Expedited consideration of Defendants' motion to stay discovery is necessary given the looming discovery deadlines and sheer amount of wasteful discovery that both parties will have to engage in over the next two months. *See* Docket Control Order, Dkt. 64. The parties face a February 15, 2019 deadline to complete document production and a March 15, 2019 deadline to complete all fact discovery. *See id.* Both parties will need to expend considerable resources to meet these deadlines—custodial document production has only recently begun and no party has

even noticed a single deposition of an individual.  Expedited consideration of Defendants' motion to stay will allow the parties, including the Government, to preserve significant resources by ensuring that the Court can determine the merits of Defendants' motion to stay before the upcoming discovery deadlines.  Defendants ask that the briefing on their Motion to Stay be expedited on the following schedule:

| | |
|---|---|
| Defendants' Motion to Stay (not more than 10 pages) | January 15 |
| Relators' Response to Motion to Stay (not more than 10 pages) | January 21 |
| Defendants' Reply (not more than 5 pages) | January 24 |

## CONCLUSION

Defendants respectfully ask this Court to stay discovery during the pendency of the Government's Motion to Dismiss and to grant expedited briefing on Defendants' motion to stay.  A stay of discovery would promote efficiency and fairness, and would not prejudice Relator.

Dated:  January 15, 2019

                Respectfully Submitted,

                By: /s/*Benjamin J. Razi w/permission Claire Abernathy Henry*
                Matthew J. O'Connor (*pro hac vice*)
                Benjamin J. Razi  (*pro hac vice*)
                Covington & Burling LLP
                One CityCenter
                850 Tenth Street, NW
                Washington, DC 20001-4956
                Telephone: (202) 662-5469
                Facsimile: (202) 662-6291
                Email: moconnor@cov.com
                Email: brazi@cov.com

T. John Ward, Jr.
State Bar No. 00794818
Claire Henry
State Bar No. 24053063
WARD, SMITH & HILL, PLLC
PO Box 1231
Longview, Texas 75606-1231
Telephone: (903) 757-6400
Facsimile: (903) 757-2323
Email: jw@wsfirm.com
Email: claire@wsfirm.com

**ATTORNEYS FOR DEFENDANT BAYER CORPORATION**

/s/ *John P. McDonald w/permission Claire Abernathy Henry*
John P. McDonald
State Bar No. 13549090
jpmcdonald@lockelord.com
C. Scott Jones
Texas Bar No. 24012922
sjones@lockelord.com
W. Scott Hastings
Texas Bar No. 24002241
shastings@lockelord.com
LOCKE LORD LLP
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201-6776
Telephone: (214) 740-8000
Facsimile: (214) 740-8800

W. David Carter, TSB No. 03932780
MERCY ✷ CARTER, L.L.P.
1724 Galleria Oaks Drive
Texarkana, Texas 75503
(903) 794-9419 - Telephone
(903) 794-1268 - Facsimile
wdcarter@texarkanalawyers.com

**ATTORNEYS FOR AMERISOURCEBERGEN CORPORATION AND THE LASH GROUP**

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  Therefore, this document was served on all counsel who are deemed to have consented to electronic service on this the 15th day of January, 2019.

/s/ *Claire Abernathy Henry*
Claire Abernathy Henry

## **CERTIFICATE OF CONFERENCE**

In compliance with Local Rule CV-7(h), Samuel Baxter, counsel for Plaintiff, conferred with T. John Ward, Jr., counsel for Defendants, by phone in a good faith attempt to resolve this matter without Court intervention.  The parties could not reach an agreement on the stay, and discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ *Claire Abernathy Henry*
Claire Abernathy Henry